**TOWNS OF WELLESLEY, CONCORD AND NORWOOD, MASSACHUSETTS, Petitioners,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent,**

**Boston Edison Company, Intervenor.**

No. 85–1221.

United States Court of Appeals, First Circuit.

Argued Sept. 10, 1985.

Decided March 25, 1986.

464

Charles F. Wheatley, Jr., with whom Woodrow D. Wollesen were on brief, for petitioners.

John H. Conway with whom William H. Satterfield was on brief, for respondent.

Carmen L. Gentile with whom Bruder & Gentile was on brief, for intervenor.

Before BOWNES and TORRUELLA, Circuit Judges, and WISDOM,* Senior Judge.

* Of the Fifth Circuit Court of Appeals, sitting by

TORRUELLA, Circuit Judge.

This is a petition for review of Federal Energy Regulatory Commission (FERC) orders (1) authorizing a two-step electricity wholesale rate increase by Boston Edison Company (Boston Edison); and (2) suspending the first step of the increase for one day and the second step of the increase for five months.

The Towns of Wellesley, Concord and Norwood, Massachusetts (petitioners) purchase electricity for resale from Boston Edison at wholesale rates subject to review by the FERC. Petitioners in turn sell electricity to retail customers in Massachusetts at rates reviewed by the Commonwealth. Boston Edison also sells electricity to retail customers in direct competition with petitioners.

In 1980 Boston Edison and petitioners agreed to settle various cases involving Edison's wholesale rates. The settlement agreement prohibited Boston Edison from making wholesale rate increases to petitioners unless a rate increase had been made effective for Edison's retail customers. The Commonwealth granted Boston Edison a retail rate increase effective June 29, 1984. Thereafter, in September 1984, the utility filed an application for a $2.95 million wholesale rate increase with the FERC. The increase application proposed that said increase go into effect in two stages. Thus an increase of some $2.2 million would go into effect first, followed by an increase of an additional $750,000.

Petitioners opposed the rate filing and asked that both stages of the rate increase be suspended for the statutory maximum of five months. The FERC disagreed and granted on November 21, 1984 a two-stage temporary rate increase subject to a refund. The FERC found that the proposed first stage "may not produce substantially excessive revenues" and therefore suspended approximately 75% of the proposed increase for one day before becoming effective on November 28, 1984. Simultaneously, however, the FERC found that 25% of the proposed increase "may produce sub-

designation.

stantially excessive revenues" and, accordingly, suspended same for a five-month period until April 28, 1985. The FERC also ordered an investigation and hearing to determine (1) the reasonableness of the rate increase; and (2) interest and refund if the proposed increase turned out excessive.

Upon seeking rehearing of the FERC orders petitioners complained that the two-step filing (1) was contrary to both FERC policy and the Federal Power Act; and (2) violated the 1980 agreement between Boston Edison and petitioners. The FERC denied the rehearing petition and allowed the temporary rate increase to stand. This petition followed.

Petitioners complain that the FERC orders violate the 1980 settlement agreement because no retail rate increase intervened between the November 1984 and April 1985 wholesale rate increases.

The FERC cannot accept rate filings contravening private contracts. 16 U.S.C. § 824d(d); *Papago Tribal Util. Authority v. FERC,* 628 F.2d 235, 244–45 (D.C.Cir. 1980). The 1980 settlement agreement reads in part:

> During the five-year period commencing March 1, 1980 Edison will not make wholesale rate increases ... *effective* as to the Towns *prior* to the *effective* dates of retail increases ... This Article 3.4 does not restrict or affect in any way Edison's right to file wholesale rate increases and to propose for such increases effective dates which precede the effective dates of retail increases; but Edison will also request suspension of any such wholesale rates so that the *wholesale rate increase becomes effective simultaneously with the retail rate increase* or as soon thereafter as possible under the provisions of the Federal Power Act.

(Emphasis added). The FERC found nothing wrong in Boston Edison's filing because the utility applied for a *single* $2.95 million rate increase, even though it asked the Commission to make the increase *effective* in two stages. We disagree.

The focus of the settlement agreement is on the timing of effective dates for possible rate increases. The settlement agreement requires that effective dates for wholesale rate increases be matched with effective dates for increases in retail rates. Thus the utility was enjoined from making wholesale rate increases effective prior to effective dates of retail increases. That two wholesale rate increases may be viewed as different steps of a single increase rather than independent increases seems immaterial because the agreement specifically refers to the dates on which such steps may become effective.

■ The filing here called for two different effective dates for successive wholesale rate increases in the absence of parallel effective dates for retail rate increases. The FERC ordered that wholesale rate increases become effective in November 1984 and April 1985 despite the fact that the April 1985 increase was unaccompanied by a parallel increase in retail rates. Therefore, inasmuch as a "step" in the proposed wholesale rate increase was to become effective in the absence of a matching increase in retail rates, we believe the settlement agreement was violated in the instant case.

■ Intervenor Boston Edison urges that the FERC orders should nonetheless stand because the settlement agreement was scheduled to expire in March 1985 and, therefore, could not affect the second step of the filing which had been suspended until April 28, 1985. Again we disagree.

The agreement prohibited the utility from filing for successive increases in wholesale rates without intervening increases in retail rates. The filing for the increase in two effective steps occurred here in September 1984, well before the expiration date of the agreement. Accordingly, we do not think the second step of the filing falls outside the scope of the agreement.

In sum, we believe the 1980 agreement was violated in the instant case. We find it unnecessary to discuss other issues raised by the parties. Accordingly, *the FERC orders authorizing the increase by Boston*

*Edison in two stages are vacated and the case is remanded to the FERC to conduct further proceedings as deemed necessary and grant such remedy as is consistent herewith.*